588 P.2d 841

The STATE of Arizona, Appellee,

v.

Michael Eugene LOZANO, Appellant.

No. 2 CA–CR 1305.

Court of Appeals of Arizona,
Division 2.

Sept. 15, 1978.

Rehearing Denied Oct. 25, 1978.

Review Denied Nov. 14, 1978.

John A. LaSota, Jr., Atty. Gen., by William J. Schafer, III and Robert S. Golden, Asst. Attys. Gen., Phoenix, for appellee.

John M. Neis, Pima County Public Defender, by James E. Sherman, Asst. Public Defender, Tucson, for appellant.

## OPINION

RICHMOND, Chief Judge.

Appellant was charged with armed robbery, with a prior felony conviction. He was found guilty of armed robbery by a jury, and having admitted his prior conviction while testifying, was sentenced to not less than 10 nor more than 12 years in the Arizona State Prison.

On appeal he seeks reversal of his conviction based on misconduct of the prosecutor during trial, the prosecutor's conflict of interest, and the trial court's restriction of cross-examination of a prosecuting witness. We find no reversible error and affirm.

In opening statement, the prosecutor attempted to impress the jurors with the importance of their function by telling them "a man's future is at stake, as [defense counsel] will tell you, and the well-being of our community, the right to be free from people like Michael Lozano is also at stake, and that's what I'm telling you." Shortly thereafter, he told the jury, "[I]f the State is going to take the responsibility of charging an individual with a crime and imposing whatever sanctions we feel justified in imposing, then we had better be sure we have proven that individual guilty beyond a reasonable doubt." He then proceeded to outline what the state expected to prove.

At the first recess the court denied a defense motion for mistrial but admonished counsel against any further expressions of personal opinion. The general criteria for determining whether remarks by the prosecution in a criminal case are so objectionable as to require a reversal are whether the remarks call to the attention of the jury matters they would not be justified in considering in order to arrive at their verdict and whether the jury, under the circumstances of the case, was probably influenced by those remarks. *Sullivan v. State,* 47 Ariz. 224, 55 P.2d 312 (1936).

■ We do not believe the prosecutor's remarks, viewed in context, were sufficiently prejudicial to warrant reversal. Immediately before the prosecutor began his opening statement, the court had instructed the jury that what the lawyers say is not evidence, but "what they think the evidence will be during the course of the trial." Any improper suggestion of the prosecutor's opinion as to appellant's guilt at that stage of the proceedings thus was mitigated by the court's advance admonition. We find no likelihood that the prosecutor's remarks influenced the ultimate verdict.

■ Another motion for mistrial was denied after the prosecutor offered a certified copy of the record of appellant's prior burglary conviction. The motion was based on the fact that appellant previously had admitted the prior conviction. *See State v. Sorrell,* 85 Ariz. 173, 333 P.2d 1081 (1959). Inasmuch as the offered exhibit was rejected by the court without waiting for an objection, there was no prejudice to appellant.

Still another motion for mistrial was based on the following question and answer on direct examination of a fingerprint technician:

"Q. And to whom does that print belong?

"A. Well, that is the known print from our master file card and the person's last name is Lozano, L-o-z-a-n-o, Michael Eugene."

The print in fact had been taken from the Tucson Police Department's master file. Its proposed use had been discussed earlier outside the presence of the jury, and the court, in order to avoid any suggestion that appellant had a past arrest record, had warned the prosecutor:

"I want you to make it perfectly clear when you ask him the questions, Mr. Gonzales, the defendant was being placed in custody on this charge and no other, and that is when the officer at the jail took his prints."

■ The motion for mistrial was denied on condition the prosecutor call the detec-

tive who had taken appellant's fingerprints when he was booked on the robbery charge. We do not agree that this procedure was sufficient to remove any impression of the jurors that appellant had a previous arrest record, because it was not possible for anyone to testify that a fingerprint taken at that time had been used by the identification technician in making his comparison. Any prejudice was removed, however, when appellant testified in his defense and admitted a prior felony conviction that adequately explained the existence of the master file card.

Appellant attempts to raise on appeal other alleged misconduct regarding the fingerprint evidence, but since he did not object on those grounds in the trial court, he cannot do so now.

█ Appellant next challenges the failure of the prosecutor to withdraw from the case because he had previously been an attorney on the staff of the Pima County Public Defender at the time appellant's defense was undertaken by that office. He had no contact with the case during his previous employment, and it does not appear that the apparent conflict of interest occurred to anyone until the end of the second day of the three-day trial. While we agree that in order to avoid the appearance of impropriety the prosecutor should not have participated in the case, we do not agree with appellant that the holding in *State v. Latigue,* 108 Ariz. 521, 502 P.2d 1340 (1972), mandates reversal here. The facts are readily distinguishable. In *Latigue,* a deputy public defender who had received confidential communications in his representation of the defendant became the chief deputy county attorney for Maricopa County, and the supreme court held the Maricopa County Attorney's office was precluded from prosecuting the defendant. In the case before us, there is no suggestion that anyone in the Pima County Attorney's office held any knowledge or information obtained through representation of appellant.

Although we do not condone continued participation in a case by an attorney who knows or should know of an apparent conflict of interest requiring his withdrawal, in a case such as this, where there is neither evidence nor any reasonable inference of prejudice, and the question has not been raised prior to trial, reversal of appellant's conviction would be an inappropriate sanction.

█ Finally, the record does not disclose prejudicial limitation of the cross-examination of the chief prosecution witness. The unquestioned rule allowing great latitude in the cross-examination of a witness for the prosecution with respect to his motive for testifying is inapposite. Appellant's counsel established that the witness had originally been charged as a co-defendant in the case; had been brought to a preliminary hearing in handcuffs but after testifying had been released "because you made a deal," whereas appellant had gone back to jail; and had made still another "deal" with police to avoid arrest on a marijuana charge, "depending on what other information you gave them." Later, the court sustained objections on relevancy grounds to a question as to the dates of the witness's landscaping employment while he was addicted to heroin, and how he supported his $80-a-day habit. Without any showing in the record that the questions were directed to a motive for testifying against appellant, we find no error in the trial court's rulings. See *State v. Harris,* 73 Ariz. 138, 238 P.2d 957 (1951).

█ Appellant also complains that re-cross-examination of the witness was improperly limited in the following exchange:

"Q. You also told Officer Bedoya you didn't want to go to jail because the snitch jacket would be put on you, didn't you?

"A. I don't remember, sir.

"Q. If Officer Bedoya were to say something to the effect that, 'He further advised me if he went to jail he stated possibly he would be assaulted by inmates at the jail because he had a snitch jacket on him.' You don't think Officer Bedoya would be lying, would you?

"MR. GONZALES: I object to that.

"THE COURT: Sustained.

"MR. GONZALES: I'll ask that be stricken from the record.

"BY MR. TAYLOR:

"Q. Did you make a statement like that to Officer Bedoya?

"A. I don't remember.

"Q. You remember some things and not others. You wouldn't remember something like telling Officer Bedoya about a snitch jacket? You wouldn't remember that?

"A. No.

"MR. GONZALES: I object to that. If Mr. Taylor wants to testify, let him take the stand.

"THE COURT: Ask a question, Mr. Taylor.

"BY MR. TAYLOR:

"Q. Did you talk to any of the officers about a snitch jacket?

"MR. GONZALES: He stated he doesn't remember.

"THE COURT: Sustained.

"BY MR. TAYLOR:

"Q. As to any of the officers.

"A. No, sir."

Inasmuch as both questions to which objections were sustained were answered as reframed, we see no basis for appellant's contention.

The judgment of conviction and sentence are affirmed.

HOWARD and HATHAWAY, JJ., concur.